Zeisler v. Bingman.

---

CHAS. ZEISLER AND ADELA ALLIX V. GEORGE BINGMAN.

No. 384.*   (60 Pac. 657.)

1. REPLEVIN—*Pleading—Effect of Disclaimer.*   In an action of replevin an answer by one of several defendants disclaiming any right, title or interest in the property in controversy presents no issue upon the allegations of the petition.

2. —————— *Jurisdiction—District and Justices' Courts.*   The jurisdiction conferred by statute upon justices' courts in actions of replevin is not exclusive; the district court has original concurrent jurisdiction in such cases.

Error from Saline district court; R. F. THOMPSON, judge.   Opinion filed March 17, 1900.   Affirmed.

*Mohler & Hiller*, for plaintiffs in error.

*Z. C. Millikin*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This was an action in replevin brought by Bingman, defendant in error, against

*Petition for order to certify denied by supreme court May 4, 1900.—REP.

Zeisler and Allix, plaintiffs in error, for the recovery of 500 bushels of wheat, of the alleged value of $260. The defendant Zeisler filed a general denial; Allix for her answer disclaimed any right, title or interest in the property. By consent of the parties the case was tried to the court without a jury. The court made special findings of fact and conclusions of law, and rendered judgment against the defendants for the recovery of 395 bushels of wheat, or, in case a recovery thereof could not be had, for the sum of $197.50 as the value of the property. To all of this defendants duly excepted and objected. Zeisler alone filed a motion for a new trial, which was overruled. The defendants, as plaintiffs in error, present the record to this court for review, alleging error as follows: (1) That the court erred in rendering judgment against the plaintiff in error Adela Allix; (2) that the special findings of fact are not sustained by sufficient evidence, and are contrary to the evidence; (3) that the court erred in its conclusions of law; (4) that the decision of the court should have been given for the plaintiffs in error according to the law of the land; (5) that the court erred in overruling the motion for a new trial. There are numerous other assignments of error, but these only are argued by the plaintiffs in error in their brief.

The principal facts are as follows: For some ten years preceding the year 1897, Bingman had been renting a quarter-section of farm land near Bavaria, in Saline county, from one Stewart, a resident of Illinois; he had been paying for the same a cash rental. It was his custom to sublet the land. Zeisler had rented the land from Bingman for the years 1895, 1896, and 1897. In July, 1897, Zeisler again leased the land of Bingman for the following season, but a

few days later found he could not work all the land as he had expected, and, at his suggestion, Bingman gave permission to one Renton to put in wheat that fall on all that portion of the land not sown by Zeisler. Both Zeisler and Renton agreed to give Bingman as rent one-third of all grain raised by them upon the premises.

Up to this time Stewart and Bingman had not definitely agreed upon the amount of cash rent for the next ensuing year. Stewart wanted $150 rent for the next year. Bingham thought this rent ought to be reduced. Zeisler suggested that he might be able to get the place for him for $125. Bingman then told Zeisler that if he could rent it for him for $125 for one year he would give him one-half of the difference between that sum and the $150. Zeisler agreed to undertake to secure a lease of the land for Bingman for a year on the terms stated, and on his request, and for that purpose, Bingman gave him the owner's address. After some correspondence Zeisler secured the land for $125, but instead of taking the lease for Bingman, his principal, he took it in his own name, executing a note for the rent agreed upon, and wholly repudiated his agency. This contract was not closed by Zeisler, however, until near harvest time. Bingman paid Stewart the amount of the note, and took an assignment thereof to himself.

The wheat in controversy is the rental share of the crop raised. Bingman was present at the thrashing and demanded his share of the grain. Zeisler refused to let him have it, hauled it off, and stored it in a bin on the Allix premises. Before demanding the wheat Bingman tendered to Zeisler the rent note which he had taken up, and $12.50 in money. This tender was refused and suit followed.

The first contention is that the judgment against Allix was unauthorized, inasmuch as she had filed a disclaimer. The petition alleges that both defendants wrongfully detained from plaintiff the possession of the property in controversy. The gist of the action of replevin is the wrongful detention of property. The answer filed by Allix does not amount to a general denial; she simply disclaims any right, title or interest in the property; all she says may be true, and yet she may wrongfully detain the possession of the property. When the property was seized by the officer the defendants gave a redelivery bond and retained possession of the same. Allix filed no motion for a new trial. We cannot review the evidence; the presumption is that the judgment was authorized by the testimony.

It was contended by the plaintiff that he leased to the defendant Zeisler the lands upon which the wheat in controversy was grown, for which he agreed to pay him one-third of the crop raised upon the premises. The testimony as to this transaction between the parties was oral and conflicting. The court found in favor of the plaintiff. The findings of fact of the trial court upon conflicting testimony cannot be reviewed by this court. It clearly appears that Bingman had for years been the tenant of Stewart; that Zeisler for two or three years had been the tenant of Bingman, each leasing the land from year to year. These parties each held the premises over, and thereby remained tenants from year to year. The defendant Zeisler contends, however, that he held over without special contract. This does not place him in any better situation than he is left by the findings of the court. In either case he is the tenant of Bingman, and should account to him for the rental value of the premises.

Zeisler v. Bingman.

Under the third assignment, the contention is that the first and third conclusions of law are conflicting. They read :

"That the defendant Zeisler held the lease secured from said A. E. Stewart for the land in question as trustee for the benefit of said plaintiff."

"That at the commencement of this action the plaintiff was the owner and entitled to the immediate possession of the wheat replevined herein."

The lease from Stewart mentioned in the first conclusion of law was procured by the defendant as trustee for plaintiff. This fact was established by the weight of testimony, and the court so found; so that the only trust relation as found by the court was that defendant held the written lease as trustee, not that he held the premises as such trustee. The court found very clearly that he held the premises as tenant of plaintiff. With this view of the scope of the finding there is no irreconcilable conflict.

The only additional matter presented for consideration in the fourth assignment of error is that the district court had no jurisdiction, the amount in controversy being less than $300. This question was not raised in the trial court; hence cannot be raised here at this time. The action of replevin existed independent of the statute. Section 31 of chapter 121, General Statutes of 1897 (Gen. Stat. 1899, § 3744), which confers jurisdiction upon a justice of the peace, is not exclusive. The district court in such actions has original concurrent jurisdiction.

From what we have said, it follows that the motion for a new trial was properly overruled. The judgment of the trial court is affirmed.